ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| INMOBILIARIA MORENO DE AYALA, INC. Recurrida v. HATILLO STEEL CONTRACTOR CORP., LUIS D. TORRES GUZMÁN, FULANA DE TAL Y OTROS Peticionarios | TA2026CE00288 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina Caso Núm.: CA2024CV03954 Sobre: Incumplimiento de contrato; Daños por vicios de construcción |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de abril de 2026.

Compareció ante nos, Hatillo Steel Contractor, Corp. (en adelante, "HSC") y el Sr. Luis Daniel Torres Guzmán (en adelante, "señor Torres Guzmán") (en conjunto, "peticionarios") mediante el recurso de *Certiorari* de epígrafe presentado el 9 de marzo de 2026. Nos solicitó la revocación de *Resolución Interlocutoria* emitida el 3 de febrero de 2026 y notificada el 6 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "foro de instancia"). En la aludida determinación, el foro de instancia denegó desestimar la *Demanda* de epígrafe.

Por los fundamentos que expondremos a continuación, se **deniega** la expedición del auto de *Certiorari.*

**-I-**

El 21 de noviembre de 2024, la Inmobiliaria Moreno de Ayala, Inc. (en adelante, "Inmobiliaria Moreno") presentó *Demanda* sobre

incumplimiento de contrato y daños contra HSC y el señor Torres Guzmán.[1]

Tras varios trámites, el 27 de mayo de 2025, HSC y el señor Torres Guzmán presentaron *Moción de desestimación*.[2] En síntesis, alegaron que el contrato en cuestión no fue celebrado con la Inmobiliaria Moreno, sino directamente entre HSC y el Sr. Pedro R. Moreno de Ayala García. Además, argumentaron que el señor Torres Guzmán no asumió obligaciones contractuales en su carácter personal, ya que las corporaciones actúan por medio de sus agentes, directores, oficiales y empleados, conforme al Artículo 12.04 de la Ley Núm. 164-2009, según enmendada, conocida como *Ley General de Corporaciones*, 14 LPRA sec. 3784. En consecuencia, sostuvieron que la *Demanda* debía desestimarse por falta de legitimación activa de la parte demandante y, en alternativa, que correspondía su desestimación en cuanto al señor Torres Guzmán.

Por su parte, el 16 de junio de 2025, la Inmobiliaria Moreno instó su *Oposición a moción de desestimación*.[3] Alegó que ostenta legitimación activa para instar *Demanda*, toda vez que el contrato se ejecutó en una finca propiedad de la Inmobiliaria Moreno. En cuanto a la responsabilidad del señor Torres Guzmán, sostuvo que debía determinarse en qué capacidad actuó, esto es, si fungía como presidente de HSC o si contaba con la debida autorización para contratar a nombre de dicha entidad. Por todo lo cual, señaló que no procedía la desestimación de la *Demanda*.

Así las cosas, el 3 de febrero de 2026, el foro de instancia emitió *Resolución Interlocutoria*, notificada el 6 de febrero de 2026, mediante la cual denegó la desestimación solicitada.[4]

---

[1] SUMAC-TPI, entrada núm. 1.
[2] *Id.*, entrada núm. 20.
[3] *Id.*, entrada núm. 22.
[4] *Id.*, entrada núm. 25.

Inconforme con esa determinación, el 9 de marzo de 2026, HSC y el señor Torres Guzmán acudieron ante nos mediante el recurso de *Certiorari* de epígrafe y esbozaron los señalamientos de error siguientes:

PRIMER ERROR:     EL TPI ERRÓ AL NO DESESTIMAR LA DEMANDA EN CONTRA DE LUIS DANIEL TORRES GUZMÁN AL AMPARO DE LA INMUNIDAD OFRECIDA POR LA LEY DE CORPORACIONES.

SEGUNDO ERROR:   EL TPI ERRÓ NO DESESTIMAR LA DEMANDA POR FALTA DE LEGITIMACIÓN ACTIVA DE LA PARTE DEMANDANTE.

Por su parte, el 23 de marzo de 2026, Inmobiliaria Moreno instó su *Oposición a la expedición del auto de certiorari civil.*[5]

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. *Certiorari***

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición

---

[5] SUMAC-TA, entrada núm. 3.

discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Id.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari,* a saber:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Expuesto el derecho aplicable, procedemos atender el recurso de *Certiorari* ante nuestra consideración.

**-III-**

En síntesis, los peticionarios sostuvieron que el foro de instancia erró al denegar la desestimación de la *Demanda* de

epígrafe por los dos fundamentos siguientes: (1) falta de legitimación de la Inmobiliaria Moreno y (2) la protección que la Ley de Corporaciones confiere al señor Torres Guzmán en su calidad personal.

De entrada, puntualizamos que en la medida en que el recurso de epígrafe versa sobre la denegatoria de una moción de carácter dispositivo tenemos facultad en ley para atenderlo, a tenor con la Regla 52.1 de Procedimiento Civil, *supra.* Sin embargo, tras examinar con detenimiento el recurso de epígrafe —a tenor con la Regla 40 del nuestro Reglamento, *supra*— colegimos que no existe razón para intervenir con la resolución recurrida. No surge del expediente —ni el peticionario ha demostrado— que el foro de Instancia haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto. Además, determinamos que la actuación del foro de Instancia no representa un fracaso a la justicia. Por el contrario, consideramos que la actuación del foro de instancia se encuentra dentro del ámbito de su amplia discreción para el manejo del caso ante su consideración. La exposición del peticionario no nos mueve para inmiscuirnos en el manejo del caso o en la discreción del foro de instancia.

Nótese que, en cuanto a la responsabilidad del señor Torres Guzmán, en la *Demanda* constan varias alegaciones en su contra. En cambio, los peticionarios pretenden defenderse con una factura que alegadamente suscribió el señor Torres Guzmán en su carácter de presidente de HSC y no a título personal. Sin embargo, dicha factura no está firmada por ambas partes. Más importante aún, no puede perderse de vista que, aun cuando el foro de instancia hubiese considerado la referida factura para emitir una determinación, correspondía evaluarla conforme al mecanismo procesal de sentencia sumaria. Adviértase que, la *Moción de Desestimación* presentada por los peticionarios no cumple con los

requisitos de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36.

En fin, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento, *supra.*

**-IV-**

Por los fundamentos expuestos previamente, se **deniega** la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones